UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTHONY ECHEVARRIA,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, JOHN DOE,
and JANE DOE,

                Defendants.
----------------------------------------X

SUMMONS ISSUED

CV 12-4744

COMPLAINT

PLAINTIFF DEMANDS
A TRIAL BY JURY

ROSS, J.

GOLD, M.J.

Plaintiff Anthony Echevarria, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Anthony Echevarria was an adult male resident of Kings County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendants John and Jane Does were adults employed by the City of New York as members of the NYPD. The Doe defendants are sued herein in their official and individual capacities.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

6. On March 10, 2011, at about 3:00 p.m., plaintiff was lawfully present in the backyard of his home at 644 E. 85 Street in Kings County, New York, along with two friends.

7. While in his backyard, plaintiff observed the two Doe defendants on the other side of the backyard fence looking at him and his friends.

8. Shortly thereafter, the Doe defendants entered the backyard by passing through plaintiff's residence.

9. The Doe defendants seized plaintiff and his two friends, directing the three men to put their hands up and submit to a search.

10. During the course of the search, the Doe defendants claimed to have found a small amount of marijuana in the pocket of one of plaintiff's friends.

11. The Doe defendants then arrested plaintiff and the other two men by placing them in handcuffs and transporting them to a local area NYPD station house.

12. The plaintiff was kept in for a period of at many hours pursuant to arrest number K11623708. Eventually, the plaintiff was released from custody without ever

being charged or arraigned and the Kings County District Attorney's office declined to prosecute plaintiff.

13. At no time on March 10, 2011, did plaintiff engage in any conduct that could objectively be understood as unlawful or otherwise illegal, or that defendants could reasonably have believed provided sufficient legal cause to seize and arrest plaintiff.

14. At no time on March 10, 2011, did plaintiff, or any person with actual or apparent authority, consent to the Doe defendants' entry into plaintiff's home and property.

15. At no time did there exist sufficient cause to seize or arrest the plaintiff, nor could the defendants have reasonably believed that such cause existed.

16. As a result of the defendants' use of overly tight handcuffs, plaintiff's wrists were bruised and injured, and plaintiff was caused to suffer tingling and numbness in both hands, as well as needless pain and suffering.

17. At no time did there exist any basis to utilize any level of force against the plaintiff, meaning the extended period of overly tight handcuffing, nor could any of the defendants have reasonably believed that such force was necessary.

18. At no time did either of the Doe defendants take any steps to intervene in, prevent, or otherwise limit the other defendant from engaging in the above described misconduct.

19. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to

report the conduct of the defendants who engaged in the misconduct described herein as required.

20. That at all times relevant herein, the Doe defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

21. Plaintiff repeats the allegations contained in paragraphs "1" through "20" above as though stated fully herein.

22. The Doe defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

23. The Doe defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

24. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, and unlawful searches of person and property, and thereby violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

25. By reason thereof, the individual defendants have violated 42 U.S.C.

§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

26. Plaintiff repeats the allegations contained in paragraphs "1" through "25" above as though stated fully herein.

27. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

28. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

29. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an

NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

30. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

31. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

43. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.);

h. *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i. *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k. *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l. *Powers* v. *City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson* v. *City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann* v. *City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson* v. *City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry* v. *New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r.	*White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

		s.	*Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.);

	44.	In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

	45.	Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

	46.	It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

	47.	By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

-8-

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

  i.   on the first cause of action, actual and punitive damages in an amount to be determined at trial;

  ii.  on the second cause of action, actual damages in an amount to be determined at trial;

  iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

  iv.  such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       September 21, 2012

By: _____
Michael B. Lumer (ML-1947)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743